# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RUBEN SANCHEZ,** )<br>　　Defendant/Petitioner, )<br> )<br>v. )<br> )<br>**UNITED STATES OF AMERICA,** )<br>　　Plaintiffs/Respondents. ) | Civil Action No. 06cr10334-NG |

**GERTNER, D.J.**

## MEMORANDUM & ORDER
### June 6, 2011

　　The government indicted Ruben Sanchez ("Sanchez") on October 11, 2006, on two counts: (1) felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1); and (2) restraining order subject in possession of a firearm and ammunition under § 922(g)(8). Both counts involve the handgun and ammunition found in Sanchez's motorcycle on September 22, 2006. Sanchez's motion to suppress the firearm found in his motorcycle during an inventory search was denied on February 26, 2008. See Mem. & Order Re: Mot. to Suppress (document #48).

　　On February 9, 2009, Sanchez pled guilty to both counts. On June 4, 2009, Sanchez was sentenced to 180 months, pursuant to the Armed Career Criminal Act ("A.C.C.A."), 18 U.S.C. § 924(e), for both counts to be served concurrently. Sanchez pursued an appeal of the motion to suppress ruling, the First Circuit affirmed and the Supreme Court denied certiorari.[1]

　　Once Sanchez's appeal was denied, he filed a motion to vacate under 28 U.S.C. § 2255. He now challenges his sentence on the ground that he is not an armed career criminal in light of the First Circuit's decision in United States v. Holloway, 630 F.3d 252 (1st Cir. 2011). He also

---

[1] The Court permitted the defendant to enter a conditional plea, reserving his right to challenge the suppression decision.

alleges ineffective assistance of counsel because his lawyer failed to object to the A.C.C.A. application at the time of his sentencing.

Sanchez's Motion to Vacate under 28 U.S.C. § 2255 is **DENIED.**

The Armed Career Criminal Act allows the government to move for a mandatory minimum sentence of fifteen years when a person has violated 18 U.S.C. § 922(g) and has previously had three other convictions referred to in § 922(g)(1). See 18 U.S.C. § 924(e).

## I.     SANCHEZ'S SENTENCE IN LIGHT OF HOLLOWAY

The first question is whether Sanchez's sentence was properly imposed pursuant to the A.C.C.A. in light of the First Circuit's decision in Holloway. Holloway addressed two appeals that raised the same question: whether a conviction under Massachusetts' simple assault and battery statute qualifies as a violent felony under § 924(e)(2)(B)(I), merely because the state indictment used the boilerplate language "did assault and beat." Holloway at 254. Both defendants in Holloway, Holloway and Calvo, were charged with being a felon in possession of ammunition (Holloway) or ammunition and a firearm (Calvo) in violation of 18 U.S.C. § 922(g). At each of their respective sentencing hearings, the government argued that they should be sentenced to the mandatory minimum fifteen-year prison term under the A.C.C.A. because of prior convictions for assault and battery.

The First Circuit in Holloway ultimately held that "because the Massachusetts simple assault and battery statute covers multiple offenses, at least one of which, reckless battery, is categorically not a violent felony, a court may only rely on an assault and battery conviction if it can ascertain that the defendant was convicted of the violent form of the offense (e.g., harmful

battery)." Id. at 26.  Since the district court had relied on the generic "did assault and beat" charging language, the First Circuit reversed and remanded the two cases for re-sentencing.  Id.

In light of Holloway, Sanchez now argues that his sentence was improperly imposed because, as in the Holloway appeals, out of the twelve prior state convictions cited by the government to buttress the conclusion that Sanchez was an armed career criminal, four were previous convictions for assault and battery.  His claim fails, however because there were nine other convictions (Pre-Sentencing Report ¶ 36, 44, 50, 59, 60, 61, 66, 67, and 69) of assault (or assault and battery) with a dangerous weapon that would certainly qualify as predicates to A.C.C.A. treatment under United States v. Glover, 558 F.3d 71, 82 (1st Cir. 2009) (holding that assault and battery with a dangerous weapon is categorically a crime of violence for purposes of the A.C.C.A. statute).  Holloway did not overrule Glover; it addressed "assault and battery" not "assault and battery with a dangerous weapon."

Accordingly, Sanchez is an armed career criminal despite the assault and battery charges that he now contests.

### A.     Sentence Served for Certain Offenses was Not More than One Year

Sanchez also argues that some convictions cited by the government do not qualify as A.C.C.A. predicate offenses because the sentence imposed was not longer than one year.  However, Sanchez's argument misconstrues the statutory language.  The A.C.C.A. requires only that the previous crimes be "*punishable* by imprisonment for a term exceeding one year."  18 U.S.C. 924(e)(2)(B).  (Italics supplied.)  The statute does not require that the defendant actually receive a term of one year or longer.

Accordingly, the convictions that the government cited are valid to the application of the A.C.C.A. because they carried a potential sentence of more than one year.

### B. Relevance of 21 U.S.C. § 851 to the A.C.C.A.

Sanchez next raises a claim regarding 21 U.S.C. § 851. First he asserts that he is not an "armed career criminal" because a prior felony information was not filed and the non-filing of an information is a jurisdictional defect. 21 U.S.C. § 851 has no applicability or relevance to the A.C.C.A. Section 851 deals with drug trafficking, a wholly separate offense. It enables the government to seek an enhanced sentence for drug trafficking so long as certain procedures are followed. The A.C.C.A., however, has no such procedures. See, e.g., United States v. McKenney, 450 F.3d 39, 45-46 (1st Cir. 2006) (rejecting the constitutional argument that the government must charge predicate convictions under the A.C.C.A. in an indictment since recidivism is not an element of the offense) (citing Almandarez-Torres v. United States, 523 U.S. 224, 239 (1998)).

Accordingly, Sanchez's § 851 claims are without merit.

### C. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, Sanchez must demonstrate both that his counsel's performance fell below an objective standard of reasonable competence and that he was prejudiced by counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance must be highly deferential, and courts must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct. Id. at 689. In addition, to meet the second prong of the Strickland test, Sanchez must show that but for errors of counsel, he would not have pled guilty and would have

insisted on going to trial.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985).  A claim of ineffective assistance will be examined in all habeas petitions whether the underlying conviction is state or federal.  See United States v. Bosch, 584 F.2d 1113, 1119 (1st Cir. 1978).

In this case, Sanchez alleges that counsel should have objected to the government's assertion that he was an armed career criminal.  As a result of counsel's failure, Sanchez received a much longer sentence than would have otherwise been imposed.  This claim is wholly without merit.  In light of all of Sanchez's prior convictions (even excluding the assault and battery charges that may be called into question by the holding of Holloway), the argument that Sanchez was not an armed career criminal, even if raised, was specious.

Accordingly, Sanchez cannot prove that his counsel was remotely deficient and therefore he could not have suffered prejudice.

## II.	CONCLUSION

Sanchez's motion under 28 U.S.C. § 2255 is **DENIED**.  The petition is **DISMISSED**.

**SO ORDERED.**

**Date:  June 6, 2011**           /s/ Nancy Gertner
                                    **NANCY GERTNER, U.S.D.J.**